# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**JEREMY FRANKLIN CAMPBELL**   *

Plaintiff   *

v   *   Civil Action No. RWT-11-3109

**DEPARTMENTOF CORRECTIONS,**   *
**WARDEN KATHLEEN GREEN,**
**FACILITY ADMIN. WEBSTER,**   *
**and CPT. FLAGG**
  *

Defendants.

\*\*\*

## MEMORANDUM OPINION

The above-captioned Complaint was filed November 1, 2011, along with a Motion to Proceed in Forma Pauperis. Because he appears indigent, Plaintiff's motion will be granted.

This Court is obliged by 28 U.S.C. §1915(a)(1) to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is subject to dismissal, the complaint must be read liberally. See White v. White, 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff seeks restoration of lost diminution of confinement credits as well as lost pay resulting from his removal from a work release program. See ECF No. 1. He claims that his removal from his job at M.C.E. laundry occurred when he became the focus of an investigation conducted by Captain Flagg. Id. at 4. Captain Flagg informed Plaintiff that a note had been written implicating Plaintiff in a plan to smuggle contraband into the prison. Id. After the investigation was concluded, Plaintiff claims that Captain Flagg assured him she would contact Sergeant Bennett at the laundry and tell him Plaintiff could have his job back. Plaintiff states the other inmate, who was also investigated, returned to work; Plaintiff did not return to work. As a

result, Plaintiff lost 50 days of diminution credits and unspecified pay. Plaintiff claims that the failure to get his job back is discriminatory and violates his constitutional rights.

As a general matter, prisoners are not constitutionally entitled to participate in programs or hold job assignments. Absent a showing of significant hardship, the removal from a job or program does not give rise to a constitutional claim. See Meachum v. Fano, 427 U.S. 215, 224 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."); An atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 486 (1995). A protected liberty interest under this standard "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Removal from a work-release program is not an atypical and significant hardship. See Kitchen v. Upshaw, 286 F.3d 179, 186 (4th Cir. 2002) (not a significant hardship to be denied permission to leave prison to work); Dominique v. Weld, 73 F.3d 1156, 1160 (1st Cir. 1996) (removal from work release and transfer to medium security prison did not impose an atypical and significant hardship); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996) (revocation of work release for refusal to admit crime as pre-requisite to participation was not an atypical or significant deprivation). Lack of opportunity to earn or have applied diminution credits is not an atypical and significant hardship. See Bulger v. United Sates Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995), see also Backus v. Ward, 151 F. 3d 1028,

1998 WL 372377 (unpublished) (4th Cir. 1998). Plaintiff's assertion that the failure to put him back to work was discriminatory does not save his claim as Plaintiff provides no basis for the alleged discrimination other than the fact his alleged co-conspirator was allowed to return to work. Thus, the complaint will be dismissed for failure to state a claim.

Plaintiff is reminded that, under 28 U.S.C. §1915(g), he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first action filed by Plaintiff that has been dismissed for failure to state a claim upon which relief may be granted. A separate Order follows.

Date: <u>November 30, 2011</u>　　　　　　　　　　　　　<u>　　　　/s/　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE